HATHAWAY v. HATHAWAY.

SPECIFIC PERFORMANCE—DEEDS—CONDITIONS SUBSEQUENT—SUP-
PORT OF GRANTOR.
    The specific enforcement of provisions in a deed of land to a
    son, conditioned upon the support of his aged mother, will
    be compelled by requiring him to provide a reasonable main-
    tenance for her except during such time as she should elect
    to live with him, where the infirmity and trying disposition
    of the mother render the performance of the contract by liv-
    ing in one household impracticable.

Appeal from Shiawassee; Miner, J. Submitted January 12, 1910. (Docket No. 39.) Decided April 1, 1910.

Bill by Catherine Hathaway against Frank Hathaway and others for the specific performance of a land contract. From a decree for complainant, defendants Hathaway appeal. Modified and affirmed.

*Albert L. Chandler*, for complainant.

*Walsh & Pardee*, for appellants.

HOOKER, J.  The complainant, a woman about 72 years of age at the time, made a contract with her son for her support. She then resided upon premises worth about $1,200, of which her husband had been seised when, a few years earlier, he had died intestate. Her . other children conveyed their interests in the premises to defendant, upon condition that he make this contract, and she also made a deed to him of her interest, and he entered under said deeds and the contract. The bill complains of ill treatment, constituting a breach of the contract, and of such a character as is alleged to have justified her withdrawal from the home, and is filed to compel defendant to specifically perform the contract, and prays, in case of his failure to comply with its requirements, an enforcement of the lien provided for in said contract, by sale of the premises and application of the proceeds to her support under direction of the court. The cause was heard on pleadings and proofs taken in open court, and the learned circuit judge determined that the complainant "was entitled to equitable relief," and decreed that defendant pay to the complainant, or her solicitor, the sum of $9 a month, each and every month, except during such time as she should live with him, if she should thereafter elect to return to his house. The decree also provided:

"And that said amount of money be and is hereby made a lien upon lot 11, in block A, of Mary A. Chipman's addition to the city of Owosso, which lien may be enforced by execution against said premises, provided defendants shall make default in such payment."

Defendants Hathaway have appealed.

Our examination of the testimony leads us to the conclusion that the complainant was of a trying disposition, and we do not find any indication of a desire or attempt on the part of the defendant to avoid his duty under the contract. It is noticeable that the decree omits to find a breach of the contract specifically, and merely states that the complainant is entitled to equitable relief—which, perhaps, implies a breach. In our opinion, that can only be justified by taking into consideration the infirmity of age and the illness of the complainant, which must be, and probably were, considered by the learned circuit judge in determining the measure of kindness and forbearance contracted for—a greater degree of forbearance than defendant and his wife succeeded in showing complainant; and, when we consider the discomfort of persons under circumstances such as these, we incline to some sort of a decree which shall relieve them, if the law will justify it, realizing that the trial judge, who saw the witnesses and heard them testify, was in a much better situation to judge accurately on these questions of fact than we are.

Again, his sisters have given up their interests to defendant, for the support of the mother, and it would be hardly just to allow him to avoid any contribution after it becomes evident that it is impracticable for them to live as one household. We therefore determine that in making this contract defendant overestimated his ability to perform his obligation of kindness, and that, failing therein, he should be required to substitute some other kind of support for his mother than that provided, and, in requiring that, we are of the opinion that the decree is a fair and just one, and therefore affirm it, with costs, and a modification, viz., that after the word "premises" there be inserted the words "upon petition to, and order of, the circuit court."

The decree is thus modified and affirmed.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.